Filed: 6/6/2017 6:13:43 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 17460886
By: Shailja Dixit
6/7/2017 8:44:48 AM

17-CV-0676

CAUSE NO. _____

| | | |
|---|---|---|
| CALEB and ELIZABETH RABON | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| vs. | § | GALVESTON COUNTY, TEXAS |
| | § | |
| UNITED PROPERTY & CASUALTY | § | |
| INSURANCE COMPANY and NICOLAS | § | Galveston County - 122nd District Court |
| CEPEDA | § | |
| | § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION AND
## INITIAL WRITTEN DISCOVERY REQUESTS

Plaintiffs Caleb and Elizabeth Rabon files this Original Petition against Defendants United

Property & Casualty Insurance Company ("UPC") and Nicolas Cepeda and allege the following:

### I. THE PARTIES

1.      Mr. and Mrs. Rabon are Texas residents who reside in Galveston County, Texas.

2.      UPC is an insurance company doing business in the State of Texas and may be

served with process through its registered agent for service of process in the State of Texas, CT

Corporation System, via certified mail at 1999 Bryan St., Suite 900, Dallas, TX 75201.

3.      Nicolas Cepeda is an insurance adjuster retained by UPC in this matter.  He is a

resident of Harris County, Texas and may be served with process at his place of residence at 19715

Lake Hollow Ln., Houston, Texas 77084.

### II. DISCOVERY

4.      This case is intended to be governed by Discovery Level 1.

### III. JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this cause of action because it

involves an amount in controversy in excess of the Court's minimum jurisdictional limits.  As of

Status Conference - 08/31/2017


EXHIBIT
C
tabbies®

today, Plaintiffs seek only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees.

6.      This Court has personal jurisdiction over UPC because UPC is licensed to do business in Texas and Plaintiffs' causes of action arise out of UPC's wrongful business activities within Harris County, Texas.

7.      The Court has personal jurisdiction over Cepeda because he is a resident of the State of Texas and engages in the business of adjusting insurance claims in the State of Texas. Further, Plaintiffs' causes of action arise out of Cepeda's insurance adjusting activities within the State of Texas.

8.      Venue is proper in Galveston County under Tex. Civ. Prac. & Rem. Code § 15.002(a)(1) and Tex. Ins. Code § 2210.575(e) because all or a substantial part of the events or omissions giving rise to the suit occurred in Galveston County. Specifically, the loss at issue occurred in Galveston County.

## IV. FACTUAL BACKGROUND

9.      The Rabons are named insureds under a property insurance policy issued by UPC (the "Policy"). The Policy states that the location of the property insured is 1110 Hawkhill Dr., Friendswood, TX 77546 (the "Property"). The Policy expressly covers all accidental direct physical loss to the Property caused by a windstorm.

10.     On or about April 12, 2016, a windstorm accompanied by hail hit the Galveston County area causing damage to the Property. The windstorm caused extensive damage to the Property, including substantial damage to the Property's roof and windows.

11.     All of this damage to the Property was covered by the express terms of the Policy. Mr. and Mrs. Rabon subsequently filed a claim with UPC under the Policy and asked UPC to cover

2

all damage pursuant to the express terms of the Policy. UPC assigned them the claim number 2016TX021191.

12.    UPC assigned Cepeda to adjust the claim and instructed him to inspect the Property for storm damage. Cepeda conducted a substandard investigation and inspection of the Property. Cepeda was either improperly trained, or intentionally ignored the damages that were present. Moreover Cepeda failed to spend the appropriate amount of time necessary to properly identify the damages that were present at the time. Incredibly, he determined that there was no damage to the roof. In truth, the entire roof suffered severe enough damage to require complete replacement and that damage was obviously present at the time he inspected it. The roof showed numerous obvious hail strikes. The roof had wind damaged shingles throughout. This damage was readily apparent from even a causal view. The adjuster simply failed to conduct a reasonable inspection. Instead, he pursued an outcome-oriented investigation, which resulted in a biased, unfair, and inequitable evaluation of the Rabons' losses on the Property, which is evident by the fact he either missed or ignored the vast majority of the damages that were obviously present during the inspection. He then issued a vastly under-scoped estimate that falsely represented that the only wind and hail damage was to the gutters, air conditioning unit, and window beading. He intentionally under-scoped the loss so that the amount would be below the Rabons' deductible of $3,500.

13.    Following his inadequate and unreasonable inspection, UPC denied coverage to the claim.

14.    The actual covered damage to the Property caused by the windstorm with hail will cost the Rabons approximately $27,799.73 to repair and/or replace.

## V. CAUSES OF ACTION

15.    Plaintiffs incorporate each and every previous paragraph by reference in the following:

3

**A.      Breach of Contract**

16.      UPC had a contract of insurance with the Rabons that covered the Property damage described above.  UPC breached the terms of the contract by wrongfully denying the claim.  As a direct result, the Rabons were damaged because they lost the benefit of the bargain, namely that in return for premium payments, UPC would pay to repair the covered loss to the Property (less the applicable deductible).

**B.      Bad Faith/Unfair Settlement Practices**

17.      Plaintiffs plead this cause of action in the alternative to its breach of contract claim.

18.      UPC and Cepeda are required to comply with the Texas Insurance Code's Unfair Settlement Practices section as outlined in Chapter 541.

19.      UPC and Cepeda violated Texas Insurance Code § 541.060 by:

    i.      Misrepresenting to the Rabons a material fact or policy provision related to the coverage at issue;

    ii.     Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

    iii.    Failing to promptly provide to the Rabons a reasonable explanation of the basis in the Policy, in related to the facts or applicable law, for with UPC's denial of a claim or offer of a compromise settlement for the claim;

    iv.     Refusing to pay the claim without conducting a reasonable investigation of the claim; and

    v.      Failing within a reasonable time to affirm or deny coverage of a claim to the Rabons or submit a reservation of rights letter to them.

C.     **Attorneys' Fees**

20.     The Rabons engaged the undersigned attorneys to prosecute this lawsuit against the defendants and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

21.     Texas Civil Practice and Remedies Code §§ 38.001-38.003 provides the Rabons their reasonable and necessary attorneys' fees because they are represented by an attorney, presented the claim to the defendants and the defendants did not tender the amount owed within 30 days after they received the claim.

22.     The Rabons are also entitled to the reasonable and necessary attorneys' fees incurred in prosecuting their causes of action through trial and any appeal pursuant to the Texas Insurance Code §§ 541.152 and 542.060.

## VI. CONDITIONS PRECEDENT

23.     All conditions precedent to the Rabons right to recover have been fully performed, or alternatively, been waived by the defendant.

## VIII. REQUEST FOR DISCLOSURES

24.     Plaintiffs request the defendants to disclose within 50 days the information or material required by Texas Rule of Civil Procedure 194. Plaintiffs also request the defendants to disclose all documents, electronic information, and tangible items that the defendants have in their possession, custody, or control and may use to support their claims or defenses as required by Texas Rule of Civil Procedure 190.2(b)(6).

25.     In addition, the defendants are requested to respond to the attached interrogatories, requests for production, and requests for admission within fifty (50) days.

## IX. PRAYER

Plaintiffs pray that, upon final hearing of the case, they recover all damages, including:

(i)     any amount owed under the Policy;

5

(ii)     pre-judgment interest;

(iii)    post-judgment interest;

(iv)    court costs;

(v)     attorneys' fees; and

(vi)    any other relief that they show they are entitled to receive.

Respectfully submitted,

**WILLIAMS KHERKHER HART BOUNDAS, LLP**

By: _/s/ Sean H. McCarthy_
    Sean H. McCarthy
    State Bar No. 24065706
    Email: smccarthy@williamskherkher.com
    Loren Jackson
    State Bar No. 24041173
    Email: ljackson@williamskherkher.com
    8441 Gulf Freeway, Suite 600
    Houston, TX 77017
    Telephone: (713) 230-2200
    Facsimile: (713) 643-6226

**ATTORNEYS FOR PLAINTIFFS
CALEB AND ELIZABETH
RABON**

## PLAINTIFFS' FIRST SET OF INTERROGATORIES,
## REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS

COMES NOW Plaintiffs in the above-styled and numbered cause, and request that Defendant(s) (1) answer the following Interrogatories separately and fully in writing under oath within 50 days of service; (2) answer the Requests for Production separately and fully in writing within 50 days of service; (3) answer the Requests for Admissions separately and fully in writing within 50 days of service; (4) serve your answers to these Interrogatories, Requests for Production, and Requests for Admissions on Plaintiffs by and through their attorney of record, Sean H. McCarthy, Williams Kherkher Hart Boundas, LLP, 8441 Gulf Freeway, Suite 600, Houston, Texas 77017; and (5) produce all documents responsive to the Requests for Production as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests within 50 days of service at Williams Kherkher Hart Boundas, LLP. You are also advised that you are under a duty to seasonably amend and/or supplement your responses if you obtain information on the basis of which:

a.   You know the response made was incorrect or incomplete when made; or

b.   You know the response, though correct and complete when made, is no longer true and complete, and the circumstances are such that a failure to amend the answer in substance is misleading.

7

## DEFINITIONS AND INSTRUCTIONS

A.   These Responses call for your personal and present knowledge, as well as the present knowledge of your attorneys, investigators and other agents, and for information available to you and to them.

B.   If you cannot answer a particular Interrogatory in full after exercising due diligence to secure the information to do so, please state so and answer to the extent possible, specifying and explaining your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

C.   The term "document" shall have the broadest meaning possible under the applicable Rules of Civil Procedure governing this litigation (whether Texas or Federal).   The term "document" also includes all electronically stored information ("ESI"), and each specific request for documents shall be deemed to specifically request electronic documents and records.

D.   The terms "relate(s) to," "relating to," or "regarding" shall have a meaning consistent with their usage in the English language in the broadest sense possible; i.e. having any logical or factual connection whatsoever with the subject matter in question.

E.   "Communication" means, without limitation of its generality, statements, discussions, conversations, correspondence, e-mails, texts, instant messages, intranet communications, speeches, meetings, remarks, questions, answers, panel discussions and symposia, whether written or oral. The term includes, without limitation of its generality, communications and statements that are face to face and those that are transmitted by any other method, including, but not limited to, the Internet, e-mail servers (whether internal or external), telephone, networked computers, external storage devices, cloud-based sharing technologies (such as DropBox), or any other method that effectuates a Communication.

F.   If you claim that any document which is required to be identified or produced by you in any response is privileged:

    1.   Identify the document's title and general subject matter;
    2.   State its date;
    3.   Identify all persons who participated in its preparation;
    4.   Identify the persons for whom it was prepared or to whom it was sent;
    5.   State the nature of the privilege claimed; and
    6.   State in detail each and every fact upon which you base your claim for privilege.

G.   "You," "Your," "Yours", "Defendants" and "Defendant" means all Defendants in this case.

H.   "Property" means the property defined in the Petition.

I.   "Policy" means the insurance policy identified in the Petition.

J.     The word "storm" shall refer to the storm described in the Petition that resulted in the claim.

K.     In each instance where you are asked to identify or to state the identity of a person, or where the answer to an Interrogatory refers to a person, state with respect to each such person:

    1.     His or her name;
    2.     His or her last known business and residence address and telephone number; and
    3.     His or her business affiliation or employment at the date of the transaction, event or matter referred to.

L.     In each instance where you are asked to identify a document, state with respect to each document:

    1.     The type of document;
    2.     The general subject matter of the document;
    3.     The date of the document;
    4.     The names and addresses of the authors and recipients of the document;
    5.     The location of the document;
    6.     The identity of the person who has possession or control of the document;
    7.     Whether the document has been destroyed, and if so, (a) the date of its destruction, (b) the reason for its destruction, (c) the identity of the persons who destroyed it, and (d) any retention policy directing its destruction.

M.     If you decide that one question is not simply one question and plan to object based upon more than 25 interrogatories, you are instructed to skip that question and continue to answer what you consider to be only one question, by answering only the first 25 alleged single questions. By answering any one numbered question, you are hereby admitting that one number question is in fact one question and waive any objection based upon a limit of interrogatories.

N.     "Plaintiffs" and "Plaintiff" includes all Plaintiffs, and refers to a single Plaintiff or multiple Plaintiffs, if applicable.


Respectfully submitted,

**WILLIAMS KHERKHER HART BOUNDAS, LLP**

By: */s/ Sean H. McCarthy*
    Sean H. McCarthy
    State Bar No. 24065706
    Email: smccarthy@williamskherkher.com
    Loren Jackson
    State Bar No. 24041173
    Email: ljackson@williamskherkher.com

8441 Gulf Freeway, Suite 600
Houston, TX 77017
Telephone: (713) 230-2200
Facsimile: (713) 643-6226

**ATTORNEYS FOR PLAINTIFFS
CALEB AND ELIZABETH
RABON**

## CERTIFICATE OF SERVICE

I hereby certify that I sent a true and correct copy of the attached discovery requests to Defendant(s) as an attachment to the petition. Therefore, Defendant would have received it when it was served with the citation.

*/s/ Sean H. McCarthy*
Sean H. McCarthy

## INTERROGATORIES TO DEFENDANT

1.  Identify all persons and/or entities who had any part and/or involvement in any way with the claim made the basis of the Lawsuit on behalf of Defendant (Claim Number 2016TX021191) and describe the involvement each person had (i.e., field adjuster, desk adjuster, claims analyst, etc.).

    **ANSWER:**

## REQUESTS FOR PRODUCTION TO DEFENDANT

1.    The following insurance documents issued for the Property as identified in the Petition:

    a.    the Policy at issue for the date of loss as identified in the Petition; and
    b.    the Policy declarations page for the 3 years preceding the storm.

**RESPONSE:**

2.    The entire, unaltered, un-redacted, original and complete claims file relating the Plaintiffs' claim that made the basis of the lawsuit.  Please produce ESI in the same format in which it was maintained in the ordinary course of business.  This request encompasses all documents and ESI comprising the entire claim file that is in Defendants' possession, custody, and/or control.  **Please note this request seeks production of the original claim file.**

**RESPONSE:**

3.    All documents relating to the condition of the Property prior to the date of loss, including but not limited to any underwriting or renewal inspections or reports.

**RESPONSE:**

## FIRST SET OF REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1**. Admit Plaintiffs submitted the claim for storm damage identified with Claim No. 2016TX021191 within the deadlines proscribed by the Policy.

　　RESPONSE:

**REQUEST FOR ADMISSION NO. 2**. Admit Plaintiffs fully complied with all contractual obligations imposed by the Policy.

　　RESPONSE:

**REQUEST FOR ADMISSION NO. 3**.  Admit that Defendant should assist its policyholders with their insurance claims.

　　RESPONSE:

**REQUEST FOR ADMISSION NO. 4**. Admit that Defendant must disclose to its insureds all benefits, coverages, and time limits that may apply to their claims.

　　RESPONSE:

**REQUEST FOR ADMISSION NO. 5**. Admit that Defendant should treat its policyholders interests equal to their own.

　　RESPONSE: